DECISION AND JUDGMENT ENTRY
{¶ 1} Corey Smith pleaded guilty to complicity to aggravated assault, and the court sentenced him to prison. He argues that the trial court committed plain error when it also ordered him to make restitution to his victim's medical-insurance provider and to the Ohio Victims of Crime Fund. The State concedes error. Because the trial court lacked statutory authority to order Smith to make restitution to third parties, we agree and reverse the judgment.
 I. Facts {¶ 2} Smith plead guilty to complicity to commit aggravated assault, a violation of R.C. 2923.03(A)(2) and 2903.12(A)(1) and a fourth-degree felony. The trial court sentenced Smith to six months of imprisonment and ordered Smith to make restitution to the Ohio Victims of Crime Fund in the amount of $2180.50 and to Aetna Insurance, *Page 2 
the victim's medical-insurance provider, in an undetermined amount. Smith did not raise any objection to the restitution order. He now brings this appeal challenging that order.
 II. Assignments of Error 1) "The trial court erred in imposing the payment of restitution in an undetermined dollar amount. (April 23, 2007 Journal Entry: Sentencing Hearing, p. 3)."
 2) "The trial court erred in imposing the payment of restitution to the victim's medical-insurance carrier. (April 23, 2007 Journal Entry: Sentencing Hearing, p. 3)." 3) "The trial court erred in imposing the payment of restitution to the Ohio Victims of Crime Fund. (April 7, 2007 Transcript p. 32; April 23, 2007 Journal Entry: Sentencing Hearing, p. 3)." III. Restitution to Third Parties {¶ 3} Because the resolution of Smith's second and third assignments of error are dispositive of this case, we address them out of order. Smith argues that the trial court committed plain error when it ordered him to pay restitution to Aetna Insurance and the Ohio Victims of Crime Fund. Specifically, he argues that R.C. 2929.18(A)(1) does not authorize the trial court to award restitution to third parties. The State candidly concedes error on this point, and we agree.
 {¶ 4} In State v. Baltzer, Washington App. No. 06CA76, 2007-Ohio-6719, at ¶ 41, we recently held that, under the current version of R.C.2929.18(A)(1), "trial courts are no longer permitted to award restitution in criminal cases to third parties, including insurance carriers." As we noted in Baltzer, the version of R.C. 2929.18(A)(1) in effect until June 1, 2004, specifically provided for restitution to the victim of the crime or "`to third parties for amounts paid to or on behalf of the victim.'" Id. (quoting former R.C. *Page 3 2929.18(A)(1)). However, the General Assembly amended R.C. 2929.18(A)(1) to delete the provision allowing trial courts to award restitution to third parties. "In the General Assembly's final analysis of 125 Sub. H.B. 52, it noted that the bill `repeals all of the language that pertains to the restitution order requiring that reimbursement be made to third parties, including governmental agencies or persons other than governmental agencies, for amounts paid to or on behalf of the victim or any survivor of the victim for economic loss * * * .'" State v.Didion, 3rd Dist. No. 13-06-25, 2007-Ohio-4494, at ¶ 27 (quoting 125 Sub. H.B. 52). See also State v. Kreischer, 109 Ohio St.3d 391,2006-Ohio-2706, 848 N.E.2d 496, at ¶ 1 (suggesting that trial courts may no longer award restitution to third parties for payments made to or on the behalf of the victim because "the legislature amended R.C. 2929.18
to delete all references to restitution for third parties").
 {¶ 5} In light of the State's concession and our holding inBaltzer, we conclude that the trial court committed plain error in ordering Smith to pay restitution to Aetna Insurance and the Ohio Victims of Crime Fund. See also State v. Bartholomew, 3rd Dist. No. 3-06-16, 2007-Ohio-3130, 3130, at ¶ 26 and State v. Johnson (2nd Dist.),164 Ohio App.3d 792, 2005-Ohio-6826, 844 N.E.2d 372, at ¶ 24, both finding plain error in an identical context. Accordingly, we reverse the judgment and remand the cause for imposition of an amended sentence.[1]
 JUDGMENT REVERSED AND CAUSED REMANDED. *Page 4 
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE REVERSED AND CAUSE REMANDED and that the Appellant recover of Appellee costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Washington County Common Pleas Court to carry this judgment into execution.
IF A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HAS BEEN PREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, it is temporarily continued for a period not to exceed sixty days upon the bail previously posted. The purpose of a continued stay is to allow Appellant to file with the Ohio Supreme Court an application for a stay during the pendency of proceedings in that court. If a stay is continued by this entry, it will terminate at the earlier of the expiration of the sixty day period, or the failure of the Appellant to file a notice of appeal with the Ohio Supreme Court in the forty-five day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Ohio Supreme Court. Additionally, if the Ohio Supreme Court dismisses the appeal prior to expiration of sixty days, the stay will terminate as of the date of such dismissal.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Abele, P.J. McFarland, J.: Concur in Judgment and Opinion.
[1] Because we hold that the trial court committed plain error in ordering Smith to make restitution to Aetna Insurance and to the Ohio Victims of Crime Fund, Smith's first assignment of error is moot.
 *Page 1