[Cite as *State v. Carter*, 2011-Ohio-4509.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

---

JOURNAL ENTRY AND OPINION
{¶ 1} Nos. 96338, 96339, 96340, 96342, 96343,
{¶ 2} 96344, 96345, 96346

---

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## LAWRENCE CARTER

DEFENDANT-APPELLANT

JUDGMENT:
AFFIRMED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case Nos. CR-441174, CR-441175, CR-441176, CR-441177,
CR-441178, CR-441179, CR-441180, CR-441193

BEFORE:    Blackmon, P.J., Celebrezze, J., and Jones, J.

**RELEASED AND JOURNALIZED:**    September 8, 2011

**APPELLANT PRO SE**

Lawrence Carter
Inmate No. 453-994
P.O. Box 788
Mansfield, Ohio 44901

**ATTORNEYS FOR APPELLEE**

William D. Mason
Cuyahoga County Prosecutor

By: Matthew E. Meyer
Assistant County Prosecutor
8th Floor Justice Center
1200 Ontario Street
Cleveland, Ohio 44113

PATRICIA ANN BLACKMON, P.J.:

{¶ 3} Appellant Lawrence Carter ("Carter") appeals pro se the trial court's denial of his motion to withdraw his guilty plea and assigns the following three errors for our review:

**"I.   The trial court erred in not granting the appellant's motion to withdraw his plea of guilty that was not knowingly, intelligently, and voluntarily made, violating his right to due process as guaranteed by both the United States & Ohio Constitutions."**

**"II.   The trial court erred in not dismissing the appellant's indictment(s) that are constitutionally insufficient to charge any criminal offense whatsoever under Ohio Law, violating appellant's rights under the Sixth and Fourteenth Amendments to the United States Constitution, and Article I, Section 10 of the Ohio Constitution."**

**"III.   The trial court erred imposing consecutive sentences on the appellant when no such statutory authority exists for the imposition of such, violating the appellant's constitutional rights pursuant to the Fifth, Sixth, & Fourteenth Amendments to the United States Constitution, & Article I, Section 10 of the Ohio Constitution."**

{¶ 4} Having reviewed the record and pertinent law, we affirm the trial court's decision.   The apposite facts follow.

## Facts

{¶ 5} On October 23, 2003, Carter pled guilty to aggravated robbery with firearm specifications in eight different cases.   The trial court sentenced him to a total of 15 years of which 12 years were for the firearm specifications.

{¶ 6} On August 24, 2010, Carter filed motions to impose a lawful sentence in all eight cases, arguing the trial court failed to properly impose postrelease controls. He also filed a motion to withdraw his guilty plea, alleging his plea was not knowingly entered due to various deficiencies. The trial court denied Carter's motion to withdraw his guilty plea, but granted his motion to impose a lawful sentence and reimposed postrelease control.

## Res Judicata

{¶ 7} We address Carter's assigned errors together as they are all barred by res judicata. In his assigned errors, Carter argues the trial court erred by not granting his motion to withdraw his guilty plea and alleges various ways his plea was deficient; claims his indictment was invalid; and that the trial court erred by imposing consecutive sentences.

{¶ 8} In *State v. Fischer,* 128 Ohio St.3d 92, 2010-Ohio-6238, 942 N.E.2d 332,

{¶ 9} the Ohio Supreme Court held that when a judge fails to impose statutorily mandated postrelease control as part of a defendant's sentence, it is only that part of the sentence that is void and subject to review and correction. Id. at ¶26–27. The *Fischer* court also held that res judicata "applies to other aspects of the merits of a conviction, including the determination of guilt and the lawful elements of the ensuing sentence." Id. at paragraph three of the

syllabus. Applying *Fischer*, we conclude that Carter's arguments are barred by res judicata.

{¶ 10} Carter did not bring a direct appeal from his original 2003 sentence. Nor did he seek a delayed appeal of his convictions. Under the doctrine of res judicata, a final judgment of conviction bars the convicted defendant from raising and litigating in any proceeding, except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant at the trial that resulted in that judgment of conviction or on an appeal from that judgment. *State v. Perry* (1967), 10 Ohio St.2d 175, 226 N.E.2d 104, paragraph nine of the syllabus. In the instant case, all the alleged errors existed at the time of his 2003 plea and sentence. Therefore, the proper manner to argue these issues would have been a direct appeal from the 2003 sentence. See *State v. Padgett*, Cuyahoga App. No. 95065, 2011-Ohio-1927; *State v. Rolling*, Cuyahoga App. No. 95473, 2011-Ohio-121, at ¶21; *State v. Fountain*, Cuyahoga App. Nos. 92772 and 92874, 2010-Ohio-120; *State v. Howard*, 11th Dist. No. 2010-L-048, 2011-Ohio-2840.

{¶ 11} Carter acknowledges that the Supreme Court's holding in *Fischer* would bar his arguments, but contends that because he originally entered his plea and was sentenced before *Fischer* was decided, we should not retroactively apply *Fischer's* holding. Prior to *Fischer*, courts deemed a

conviction entirely void, which allowed defendants to raise errors that would normally be barred by res judicata. "The general rule is that a decision of a court of supreme jurisdiction overruling a former decision is retrospective in its operation, and the effect is not that the former was bad law, but that it never was the law." *Peerless Elec. Co. v. Bowers* (1955), 164 Ohio St. 209, 129 N.E.2d 467. Moreover, the *Fischer* Court did not declare that its decision was only prospective in operation. Thus, retroactive application of *Fischer* is appropriate.

{¶ 12} Even if res judicata did not apply, the claimed errors are without merit. Carter failed to provide this court with a transcript of his guilty plea. Without a transcript of the 2003 plea hearing, the record is inadequate to permit a review of Carter's claimed errors, and we must presume the regularity of the court proceedings. *Knapp v. Edwards Laboratories* (1980), 61 Ohio St.2d 197, 199, 400 N.E.2d 384.

{¶ 13} Regarding his arguments that his indictment was defective and consecutive sentence improper, Carter failed to raise these issues in the court below. Nonetheless, a plea waives any defect in the indictment. *State v. Martin*,

{¶ 14} Cuyahoga App. No. 95281, 2011-Ohio-222; *State v. Haney*, 180 Ohio App.3d 554, 2009-Ohio-149, 906 N.E.2d 472, ¶18; *State v. Griffin*, Cuyahoga App. No. 92728, 2010-Ohio-437; *State v. Hawkins*, Cuyahoga App.

No. 91930, 2009-Ohio-4368; *State v. Gaston*, Cuyahoga App. No. 92242, 2009-Ohio-3080. Pursuant to R.C. 2929.14(E)(1)(a), the trial court was obligated to order that the firearm specifications be served consecutively. Accordingly, Carter's three assigned errors are overruled.

{¶ 15} Judgment affirmed.

It is ordered that appellee recover of appellant its costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
PATRICIA ANN BLACKMON, PRESIDING JUDGE

FRANK D. CELEBREZZE, JR., J., and
LARRY A. JONES, J., CONCUR