[Cite as *State v. Cardamone*, 2012-Ohio-270.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

---

JOURNAL ENTRY AND OPINION
**No. 96876**

---

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## JOSEPH CARDAMONE

DEFENDANT-APPELLANT

---

**JUDGMENT:**
AFFIRMED

---

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-512606

**BEFORE:** S. Gallagher, J., Celebrezze, P.J., and E. Gallagher, J.

**RELEASED AND JOURNALIZED:** January 26, 2012

**ATTORNEYS FOR APPELLANT**

Britta M. Barthol
P.O. Box 218
Northfield, OH    44067

Paul Mancino, Jr.
75 Public Square
Suite 1016
Cleveland, OH    44113-2098


**ATTORNEYS FOR APPELLEE**

William D. Mason
Cuyahoga County Prosecutor

By: T. Allan Regas
Assistant Prosecuting Attorney
The Justice Center, 8th Floor
1200 Ontario Street
Cleveland, OH    44113

SEAN C. GALLAGHER, J.:

{¶ 1}   Defendant-appellant, Joseph Cardamone, appeals the trial court's May 6, 2011 judgment of conviction, which was issued upon a second remand from this court. The decision of the trial court is affirmed.

{¶ 2}   This is Cardamone's third appeal from his 2008 conviction for two counts of robbery.   Upon direct appeal from the conviction, this court upheld Cardamone's

conviction against manifest weight and sufficiency of the evidence and disproportionate sentences challenges. *State v. Cardamone*, 8th Dist. No. 92235, 2009-Ohio-5361, 2009 WL 3219274 ("*Cardamone I*"). The *Cardamone I* court remanded the case, however, in order to merge his concurrent sentences of eight years on each of the two counts of robbery as allied offenses.

{¶ 3} At his resentencing, Cardamone was sentenced to eight years on the second count of robbery and advised that he was subject to five years of postrelease control. Cardamone appealed that decision, challenging the imposition of postrelease control for a period of five years, arguing it should be three years, and the failure of the court to notify Cardamone that he could be required to pay court costs with community service. *State v. Cardamone*, 8th Dist. No. 94405, 2011-Ohio-818, 2011 WL 676080, ¶ 5-6 ("*Cardamone II*"). This court sustained both assignments of error and remanded the case for the limited purpose of holding a hearing to properly notify Cardamone of the proper postrelease control period and to properly notify him of the fact that he could be required to perform community service if he fails to pay the court costs. *Id.* at ¶ 12, 15.

{¶ 4} On May 6, 2011, the trial court, following this court's directive, held a hearing to address the postrelease control and court cost issues. Cardamone was present. The trial court addressed only those two issues, imposing the proper three-year period of postrelease control and notifying Cardamone of the possibility of having to perform community service if he fails to pay the court costs. Cardamone appealed the May 6 decision, raising four assignments of error that provide:

I. Defendant was denied due process of law when the court failed to conduct a resentencing where both robbery offenses were ordered to merge.

II. Defendant was denied due process of law when the court sentenced defendant to a much greater sentence than a similarly indicted co-defendant.

III. Defendant was denied due process of law when the court failed to consider defendant's post-sentencing behavior in imposing a sentence.

IV. Defendant was denied due process of law and subjected to imprisonment for debt when the court refused to waive court costs.

{¶ 5} For the following reasons, Cardamone's assignments of error are barred by the doctrine of res judicata and accordingly overruled.

{¶ 6} This court in *Cardamone II* remanded the case for the limited purpose of imposing the proper period of postrelease control and giving the proper notification for the court costs. The trial court addressed those issues at the May 6, 2011 hearing. In *State v. Fischer*, 128 Ohio St.3d 92, 2010-Ohio-6238, 942 N.E.2d 332, ¶ 40, the Ohio Supreme Court held

> that although the doctrine of res judicata does not preclude review of a void sentence, res judicata still applies to other aspects of the merits of a conviction, including the determination of guilt and the lawful elements of the ensuing sentence. The scope of an appeal from a resentencing hearing in which a mandatory term of postrelease control is imposed is limited to issues arising at the resentencing hearing.

{¶ 7} This same rationale applies to the court costs. *See State v. Joseph*, 125 Ohio St.3d 76, 2010-Ohio-954, 926 N.E.2d 278.

> Under the doctrine of res judicata, a final judgment of conviction bars the convicted defendant from raising and litigating in any proceeding, except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant at the trial that resulted in that judgment of conviction or on an appeal from that judgment.

*State v. Carter*, 8th Dist. Nos. 96338, 96339, 96340, 96342, 96343, 96344, 96345, and 96346, 2011-Ohio-4509, 2011 WL 3925622, ¶ 8, citing *State v. Perry*, 10 Ohio St.2d 175, 226 N.E.2d 104 (1967), paragraph nine of the syllabus.

**{¶ 8}** Cardamone seeks to again challenge issues that should have been or were raised in *Cardamone I* and *Cardamone II* and does not address the implications of *Fischer* and *Joseph*. The current appeal is limited solely to the issues arising from the resentencing this court mandated, specifically whether the trial court properly imposed the three-year term of postrelease control or failed to properly notify Cardamone of the possibility of community service. Neither of these issues was raised as an assignment of error. Instead, Cardamone seeks to challenge the underlying prison sentence and imposition of court costs. Cardamone's arguments are barred by application of res judicata. Accordingly, we overrule his four assignments of error and affirm the decision of the trial court.

Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

SEAN C. GALLAGHER, JUDGE

FRANK D. CELEBREZZE, P.J., and
EILEEN A. GALLAGHER, J., CONCUR