DECISION AND JUDGMENT
{¶ 1} Defendant, Steven Orosz, III, has filed an appeal from an order of the Wood County Court of Common Pleas sentencing him to 20 years in prison for the commission of various crimes. The Supreme Court of Ohio has recently issued a decision addressing the appealability of a judgment of conviction entered pursuant to Crim. R. 32(C). See State v.Baker, — Ohio St.3d — — , 2008-Ohio-3330, where the syllabus states:
 {¶ 2} "A judgment of conviction is a final appealable order under R.C. 2505.02 when it sets forth (1) the guilty plea, the jury verdict, or the finding of the court upon *Page 2 
which the conviction is based; (2) the sentence; (3) the signature of the judge; and (4) the time stamp showing journalization by the clerk of court. (Crim. R. 32(C), explained.)"
 {¶ 3} The court in Baker further holds that "only one document can constitute a final appealable order." Id. at ¶ 15. Therefore, a judgment of conviction must contain all of the above elements in one document.
 {¶ 4} In the instant case, the record indicates that Orosz pleaded guilty on April 4, 2008, and that a judgment reflecting this plea was entered on the court's journal on the same day. The case was then referred for a presentence investigation report. On June 2, 2008, after obtaining the presentence investigation report, the judge sentenced Orosz. A judgment reflecting this sentence was signed by the judge. Thus, the June 2, 2008 document satisfies the second and third requirements in Baker.
 {¶ 5} As to the fourth Baker requirement, "the time stamp showing journalization by the clerk of court," we find that it also is satisfied. The sentencing judgment in this case was signed by the judge on June 2, 2008, and was file stamped June 10, 2008 at 4:03 p.m. The judgment was entered on the court's journal on June 11, 2008, as memorialized on the face of the judgment with the following stamp:
 {¶ 6} JOURNALIZED
Jun 11, 2008
 VOL PG *Page 3 
 {¶ 7} The numbers 486 and 310 are written in the first and second blanks, respectively. The question is whether these two items taken together can be construed as a "time stamp showing journalization by the clerk of court." We find that they can.
 {¶ 8} All judgment entries must be "filed" and "journalized" within 30 days of the "verdict, decree, or decision." Sup. R. 7(A). Further, journalization of a judgment is a requirement of Crim. R. 32(C), which states, "The judge shall sign the judgment and the clerk shall enter it on the journal. A judgment is effective only when entered on the journal by the clerk." Filing and journalizing are two separate acts.
 {¶ 9} Filing in county courts is required by R.C. 2303.08. The clerk of court is required to "indorse on each pleading or paper in a cause filed in the clerk's office the time of filing * * *." R.C. 2303.08. This is what the Wood County Clerk did in this case on June 10, 2008 at 4:03 p.m.
 {¶ 10} The county clerk of court is also required to keep a journal, see R.C. 2303.12[1], and enter all judgments on the journal. See Sup. R. 7 and Crim. R. 32(C). A journal is a "verbatim record of every order or judgment of the court." Sup. R. 26(B)(4). Thus, once the judgment is entered on the journal, it is "journalized." This is what the Wood County Clerk did in this case on June 11, 2008. There is no requirement that a *Page 4 
judgment be filed and journalized on the same day, only that both acts occur within 30 days of the decision. Sup. R. 7(A).
 {¶ 11} We find that the file stamp on the sentencing judgment indicating the date and time the judgment was filed, in conjunction with the notation on the face of the judgment that it was journalized on June 11, 2008, satisfy the fourth Baker condition that a judgment of conviction must contain "the time stamp showing journalization by the clerk of court."
 {¶ 12} However, the sentencing judgment in this case does not satisfy the first requirement of Baker, namely it does not state that Orosz pleaded guilty. We find that even though Orosz's guilty plea was entered on the court's journal on April 24, 2008, since the June 11, 2008 sentencing judgment does not set forth the fact that Orosz entered a guilty plea it does not comply with the State v. Baker requirement that all elements of the judgment of conviction must be in one document. Accordingly, there is no final appealable order from which an appeal may be taken.
 {¶ 13} In State v. Tripodo (1977), 50 Ohio St. 2d 124, the Supreme Court of Ohio stated that when an appeal is filed before the trial court's final decision is entered on the court's journal, the court of appeals "should consider requesting the parties to journalize the ruling of the trial court so that they would obtain jurisdiction of the appeal, before dismissing the appeal." In the interest of judicial economy, we remand this case to the Wood County Court of Common Pleas for a period of 20 days from the date of this decision and judgment entry for the purpose of allowing that court to prepare, sign, file, *Page 5 
and enter on the journal a final judgment that complies with State v.Baker, supra. The clerk of the Wood County Court of Common Pleas shall notify this court when the decision has been entered on the court's journal. It is so ordered.
APPEAL REMANDED.
Arlene Singer, J., William J. Skow, J., Thomas J. Osowik, J., CONCUR.
[1] "Books to be kept by clerk
"The clerk of the court of common pleas shall keep at least four books. They shall be called the appearance docket, trial docket and printed duplicates of the trial docket for the use of the court and the officers thereof, journal, and execution docket * * *." *Page 1