DECISION AND JUDGMENT ENTRY
{¶ 1} This case is before the court sua sponte. It has come to the court's attention that the trial court's judgment of conviction, journalized on December 18, 2008, does not comply with Crim. R. 32(C) and is not a final appealable order. In State v. Baker, 119 Ohio St.3d 197,2008-Ohio-3330, the court states:
 {¶ 2} "A judgment of conviction is a final appealable order under R.C. 2505.02 when it sets forth (1) the guilty plea, the jury verdict, or the finding of the court upon *Page 2 
which the conviction is based; (2) the sentence; (3) the signature of the judge; and (4) entry on the journal by the clerk of court. (Crim. R. 32(C), explained.)"
 {¶ 3} The court in Baker further holds that "only one document can constitute a final appealable order." Id. at ¶ 15. Therefore, the finding of guilt or the guilty plea must be in the same document as the sentence.
 {¶ 4} In addition, in State ex rel. Culgan v. Medina County Court ofCommon Pleas, 119 Ohio St.3d 535, 2008-Ohio-4609, the court clarified the Baker case and held that a judgment of conviction that "merely mentions that [the defendant] `has been convicted' of the specified offense and declares his sentence for the convictions" violates Crim. R. 32(C). Id. at ¶ 2. The judgment of conviction must contain the guilty plea, the jury verdict, or the finding of the court upon which the conviction is based in addition to the sentence and the judge's signature. In other words, the conviction must state either that the defendant pleaded guilty or was found guilty by either the jury or the court.
 {¶ 5} In the instant case, the December 18, 2008 judgment sets forth defendant's sentence, is signed by the judge and has been entered on the journal by the clerk. However, it does not state either that defendant pleaded guilty or that he was found guilty by the judge or a jury; it merely states:
 {¶ 6} "The court finds that defendant has been convicted of Rape * * * [and] Sexual Battery."
 {¶ 7} Thus, pursuant to the Supreme Court of Ohio's recent pronouncements, the December 18, 2008 judgment does not comply with Crim. R. 32(C). *Page 3 
 {¶ 8} To the extent that our prior decision in State v. Orosz, 6th Dist. No. WD-08-048, 2008-Ohio-3841 is inconsistent with this decision, it is hereby overruled.
 {¶ 9} Finding that there is no final appealable order from which an appeal may be taken, we remand this case to the trial court for a period of 20 days to issue a revised sentencing entry that complies with Crim. R. 32(C). The Clerk of the Lucas County Court of Common Pleas shall notify this court when the trial court judge has issued the revised sentencing order and it has been entered on the court's journal.
CASE REMANDED.
Peter M. Handwork, J., Mark L. Pietrykowski, J., Thomas J. Osowik, J., Concur.
 *Page 1