[Cite as *State v. Porch*, 2013-Ohio-754.]

STATE OF OHIO, MAHONING COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | ) | CASE NO. 12 MA 85 |
| | ) | |
| PLAINTIFF-APPELLEE | ) | |
| | ) | |
| VS. | ) | OPINION |
| | ) | |
| OSHAH M. PORCH | ) | |
| | ) | |
| DEFENDANT-APPELLANT | ) | |

CHARACTER OF PROCEEDINGS:     Criminal Appeal from the Court of
Common Pleas of Mahoning County,
Ohio
Case No. 09 CR 474

JUDGMENT:     Affirmed.

APPEARANCES:

For Plaintiff-Appellee:     Atty. Paul J. Gains
Mahoning County Prosecutor
Atty. Ralph M. Rivera
Assistant Prosecuting Attorney
21 West Boardman Street, 6th Floor
Youngstown, Ohio  44503

For Defendant-Appellant:     Oshah M. Porch, Pro se
#571-617
T.C.I.
P.O. Box 901
Leavittsburg, Ohio  44430

JUDGES:

Hon. Cheryl L. Waite
Hon. Joseph J. Vukovich
Hon. Mary DeGenaro

Dated:  March 1, 2013

WAITE, J.

{¶1}  Pro se Appellant Oshah M. Porch pleaded guilty and was convicted in 2009 of aggravated robbery and rape.  He did not file a direct appeal of the conviction.  In 2012, he filed a pro se motion with the trial court claiming that the indictment was defective and that the judgment entry of conviction and sentence was invalid.  The court denied the motion a few days later.  Appellant appeals that order by arguing that the indictment and jury verdict forms were defective and that the sentencing entry was not a final appealable order under Crim.R. 32(C) as interpreted in *State v. Baker*, 119 Ohio St.3d. 197, 2008-Ohio-3330, 893 N.E.2d 163.  First, any alleged errors in the indictment were waived by virtue of Appellant's guilty plea.  Since Appellant was not convicted by a jury, there can be no prejudicial error regarding a jury verdict form.  Second, regarding the alleged error in the sentencing entry, Appellant is incorrect.  *Baker* has been partially overruled by *State v. Lester*, 130 Ohio St.3d 303, 2011-Ohio-5204, 958 N.E.2d 142.  *Lester* held that the sentencing entry must include the following items in order to constitute a final appealable order:  (1) the fact of the conviction, (2) the sentence, (3) the judge's signature, and (4) the time-stamp indicating the entry upon the journal by the clerk.  *Id.* at paragraph one of the syllabus.  The sentencing entry in this case conforms to *Baker* and *Lester* and there is no error to correct.  The judgment of the Mahoning County Court of Common Pleas is affirmed.

{¶2}  On July 8, 2009, Appellant pleaded guilty to one count of aggravated robbery, R.C. 2911.11(A)(1), and one count of rape, R.C. 2907.02(A)(2), along with the firearm specifications attached to each count.  That same day, that court

sentenced Appellant to an aggregate prison term of twelve years. Appellant was further classified as a Tier-III sex offender. The sentencing judgment entry was filed on July 9, 2009. No appeal was taken of the judgment.

{¶3} On April 3, 2012, Appellant filed a pro se motion asking the court to comply with Crim.R. 32(C). He argued that his indictment and jury forms were defective and that the July 9, 2009, judgment was not a final appealable order pursuant to the holding in *Baker*. On April 11, 2012, the trial court overruled the motion. This appeal followed on May 8, 2012. Appellant has filed a pro forma brief that was apparently copied from a defendant who was convicted of murder. The brief does not actually connect the facts of Appellant's case with the law he cites. Nevertheless, we will attempt to deal with the general principles raised by Appellant.

ASSIGNMENT OF ERROR

Whether the failure to properly file and journalize each the "direct indictment;" "jury verdict forms;" and, "journal entry imposing sentence" implicates the trial court's threshold jurisdiction (the accusatory phase) rendered void the jury's verdict (the guilt phase); and offended due process by rendering the journal entry of sentence far less than a final appealable order as defined in: Crim. R. 32 (C). id. see: State v. Orosz, 2008 WL 2939471 (Ohio App. 6 Dist.), 2008-Ohio-3841, at ¶8 and ¶10 [sic].

{¶4} Appellant argues that his sentencing entry is not a final appealable order under Crim.R. 32(C) and *Baker*. Crim.R. 32(C) states: "A judgment of

conviction shall set forth the plea, the verdict, or findings, upon which each conviction is based, and the sentence. * * * The judge shall sign the judgment and the clerk shall enter it on the journal. A judgment is effective only when entered on the journal by the clerk."

{¶5} *Baker* interpreted Crim.R. 32(C) and held that a judgment of conviction is not a final, appealable order unless it sets forth "(1) the guilty plea, the jury verdict, or the finding of the court upon which the conviction is based; (2) the sentence; (3) the signature of the judge; and (4) entry on the journal by the clerk of court." *Id.* at the syllabus. *Lester* later modified *Baker* by holding that a judgment of conviction need not state the manner of conviction (i.e., a plea or a verdict) in order to constitute a final, appealable order. Instead, the judgment need only set forth (1) the fact of the conviction, (2) the sentence, (3) the judge's signature, and (4) the time-stamp by the clerk. *Id.*

{¶6} The judgment entry in this case contains all the required elements of Crim.R. 32(C). It states that the conviction was based on a guilty plea, it sets forth the sentence, it is signed by the judge, and is journalized. The sentencing entry does not contain any of the problems that are discussed in *Baker* and *Lester*, and Appellant's argument is misplaced.

{¶7} Appellant contends that the sentence was not journalized, but there is a date stamp on the sentencing entry with the date of July 9, 2009, and there is an entry in the court's docketing sheet with the same date listing the sentencing entry.

**{¶8}** Regarding the question about the indictment, Appellant has waived any alleged error in his indictment by pleading guilty. *State v. Haney*, 180 Ohio App.3d 554, 2009-Ohio-149, 906 N.E.2d 472, ¶18 (4th Dist.); *State v. Burnside*, 7th Dist. No. 09 MA 179, 2010-Ohio-3158, ¶7.

**{¶9}** Regarding the alleged error in the jury form, Appellant was not convicted by a jury. He entered a guilty plea, which acts as a waiver of a jury trial. *McAuley v. Maxwell*, 174 Ohio St. 567, 568, 190 N.E.2d 922 (1933). Therefore, no prejudice can result from an erroneous jury verdict form since Appellant waived his rights regarding jury trial.

**{¶10}** The judgment entry in this case conforms to the requirements of Crim.R. 32(C), *Baker*, and *Lester*, and the trial court was correct in denying Appellant's motion to correct the judgment entry.

Vukovich, J., concurs.

DeGenaro, P.J., concurs.