[Cite as *State v. Ryan*, 2013-Ohio-2315.]

STATE OF OHIO, MAHONING COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | ) | CASE NO. 12 MA 116 |
| | ) | |
| PLAINTIFF-APPELLEE | ) | |
| | ) | |
| VS. | ) | OPINION |
| | ) | |
| GARY RYAN, JR. | ) | |
| | ) | |
| DEFENDANT-APPELLANT | ) | |

CHARACTER OF PROCEEDINGS:        Criminal Appeal from the Court of
                                 Common Pleas of Mahoning County,
                                 Ohio
                                 Case No. 10 CR 682

JUDGMENT:                        Affirmed

APPEARANCES:

For Plaintiff-Appellee:          Atty. Paul J. Gains
                                 Mahoning County Prosecutor
                                 Atty. Ralph M. Rivera
                                 Assistant Prosecuting Attorney
                                 21 West Boardman Street, 6th Floor
                                 Youngstown, Ohio  44503

For Defendant-Appellant:         Gary Ryan, Jr., Pro se
                                 #594-003
                                 Trumbull Correctional Institution
                                 P.O. Box 901
                                 Leavittsburg, Ohio  44430

JUDGES:

Hon. Cheryl L. Waite
Hon. Gene Donofrio
Hon. Joseph J. Vukovich

                                 Dated:  May 30, 2013

WAITE, J.

{¶1} Appellant Gary Ryan, Jr., was convicted in 2006 of aggravated robbery. He was sentenced to three years in prison, with an additional year added for an accompanying firearm specification. In 2010, Appellant was convicted of carrying a concealed weapon and having a weapon while under a disability. To convict a defendant of having a weapon while under a disability pursuant to R.C. 2923.13(A)(2), the state must prove that the defendant was under indictment for, or was previously convicted of, a felony offense of violence, such as aggravated robbery. Here, the "disability," for purposes of the "weapons under a disability" charge in 2010, was Appellant's 2006 conviction for aggravated robbery. He was sentenced to six and one-half years in prison for the 2010 convictions, and we upheld the judgment on direct appeal. *State v. Ryan*, 7th Dist. No. 10 MA 173, 2012-Ohio-1265.

{¶2} In 2012, Appellant filed a motion to vacate his 2010 conviction for having a weapon while under a disability. Appellant argued that the 2006 aggravated robbery conviction was invalid because it did not comply with the requirements of a final, appealable order as defined by Crim.R. 32(C) or *State v. Baker*, 119 Ohio St.3d 197, 2008-Ohio-3330, 893 N.E.2d 163. Appellant also contended that his 2010 conviction for having a weapon while under a disability could not have been based on the allegedly invalid judgment entry convicting him of aggravated robbery in 2006. The trial court denied the motion to vacate, and Appellant filed this pro se appeal. Appellant repeats the same arguments on appeal that were made in the motion to vacate.

{¶3} Appellant's arguments are not persuasive. The 2006 judgment entry meets the requirements of *Baker* and Crim.R. 32(C), and was correctly used as the basis for the 2010 charge of having a weapon while under a disability. The judgment of the trial court is affirmed.

### ASSIGNMENT OF ERROR NO. 1

Trial court lacked authority, and exceeds its jurisdiction when it used a unjounalized, ineffective, invalid, nonfinal prior judgment of conviction to charge, try, convict, sentence, and enhance charge of "HAVING WEAPONS WHILE UNDER DISABILITY" pursuant to r.c. 2913.23; SEE: crim. r. 32(C); r.c. 2505.02; Also, HILL V. BUCHANAN 6 ohio supp. 230 1941 WL 3363.21 o.o.24; **AND,** STATE V. BEASLEY (1984), 14 ohio st. 3d 74, *75, STATE V. BAKER, 119 ohio st 3d 197; STATE V. FINNEY 6th dist. no. F-06-009, p18; [sic]

{¶4} Appellant argues that he could not have been convicted in 2010 for having a weapon while under a disability because the alleged disability is based on a 2006 felony conviction that was not a final, appealable order. Appellant was convicted in 2010 of violating R.C. 2923.13(A)(2), which states:

(A) Unless relieved from disability as provided in section 2923.14 of the Revised Code, no person shall knowingly acquire, have, carry, or use any firearm or dangerous ordnance, if any of the following apply:

* * *

(2)   The person *is under indictment for or has been convicted of any felony offense of violence* or has been adjudicated a delinquent child for the commission of an offense that, if committed by an adult, would have been a felony offense of violence.  (Emphasis added.)

**{¶5}**   Appellant does not dispute that aggravated robbery is an offense of violence as defined by R.C. 2901.01(A)(9)(a).  He does not deny that he was indicted and convicted for the felony of aggravated robbery in 2006.  His dispute surrounds the finality of the judgment entry convicting him, not the fact of the conviction.  He does not deny that aggravated robbery satisfies the requirements of a "felony offense of violence" as defined by the weapons disability statute, R.C. 2923.13(A)(2).  His only concern is that he believes the 2006 conviction was not a final, appealable order as regards his conviction and for that reason, could not be used as proof that he had a weapon while under a disability in 2010.   Appellant is mistaken.

**{¶6}**   Appellant's argument that the 2006 judgment entry was not a final, appealable order is based on *Baker*, which held that a judgment of conviction is not final and appealable unless it sets forth:  "(1) the guilty plea, the jury verdict, or the finding of the court upon which the conviction is based; (2) the sentence; (3) the signature of the judge; and (4) entry on the journal by the clerk of court."  *Id*. at the syllabus.  *Baker* was interpreting Crim.R. 32(C), which states:  "A judgment of conviction shall set forth the plea, the verdict, or findings, upon which each conviction is based, and the sentence.  * * * The judge shall sign the judgment and the clerk shall enter it on the journal. * * *"

**{¶7}** *Baker* was modified by *State v. Lester*, 130 Ohio St.3d 303, 2011-Ohio-5204, 958 N.E.2d 142, which held that a judgment of conviction need not state the manner of conviction in order to be a final, appealable order as long as it states the fact of the conviction, describes the sentence, contains the judge's signature and is time-stamped by the clerk. *Id.* at paragraph one of the syllabus. If the judgment entry states the fact of conviction but does not state the manner of conviction, that clerical error can be corrected nunc pro tunc. The ensuing nunc pro tunc entry does not create a new final, appealable order. *Id.* at paragraph two of the syllabus.

**{¶8}** The judgment entry of January 4, 2006, conforms to both *Baker* and *Lester*. The judgment entry states that Appellant pleaded guilty to aggravated robbery and was sentenced to three years in prison for aggravated robbery. The judgment entry is signed by the trial judge and contains the clerk's stamp.

**{¶9}** Even if there had been some problem with the 2006 sentencing entry, it would not affect the 2010 weapons disability charge. A weapons disability charge, as defined by R.C. 2923.13(A)(2), allows the state to prove either that the defendant is currently under indictment for a felony offense of violence, or was convicted of the offense. Under Appellant's argument, his 2006 criminal case is not final. Hence, he is still under indictment for the charge of aggravated robbery. Since being under indictment on a felony offense of violence forms a sufficient basis for a subsequent charge of having a weapon while under a disability, Appellant's argument fails even if we accept his underlying premise. Whether the 2006 judgment entry of conviction is final and appealable or a non-final interim order, the 2010 conviction for having a weapon while under a disability is valid. The trial court was correct in dismissing the

motion to vacate his 2010 conviction for having a weapon while under a disability, and Appellant's first assignment of error is overruled.

<u>ASSIGNMENT OF ERROR NO. 2</u>

Whether the failure to properly file and journalize each the "direct indictment;" "jury verdict forms;" and, "journal entry imposing sentence" implicates the trial court's threshold jurisdiction (the accusatory phase) rendered void the jury's verdict (the guilt phase); and, offended due process by rendering the journal entry of sentence far less than a final appealable order as defined in: Crim. R. 32(C). <u>id. see</u>: <u>State v. Orosz</u>, 2008 WL 2939471 (Ohio App. 6 Dist.), 2008-Ohio-3841, at: ¶8 and ¶10. [sic]

**{¶10}** In this second assignment of error Appellant raises the same issue about the finality of the 2006 judgment entry, but also interjects two other alleged errors that can be summarily overruled.

**{¶11}** He alleges that the indictments in either the 2006 case or the 2010 case were not properly time-stamped or journalized. Regardless to which indictment he refers, he was required to have raised the matter in a timely direct appeal of the convictions. Any questions about the filing of the indictments are now *res judicata* with respect to both cases. *Payne v. Jeffreys*, 109 Ohio St.3d 239, 2006-Ohio-2288, ¶5 (claims attacking validity and sufficiency of an indictment should have been raised on direct appeal and are barred by the doctrine of *res judicata*). "Under the doctrine of *res judicata*, a final judgment of conviction bars a convicted defendant who was represented by counsel from raising and litigating in any proceeding except an

appeal from that judgment, any defense or any claimed lack of due process that was *raised or could have been raised by the defendant at the trial*, which resulted in that judgment of conviction, *or on an appeal* from that judgment." (Emphasis sic.) *State v. Perry*, 10 Ohio St.2d 175, 226 N.E.2d 104 (1967), paragraph nine of the syllabus.

{¶12} Appellant also suggests that the jury verdict forms were not properly filed and journalized. Again, it is not clear which of his criminal cases he is discussing, but the doctrine of *res judicata* applies in either case. *State v. Evans*, 9th Dist. No. 10CA0027, 2011-Ohio-1449, ¶9 (any issues that could have been raised on direct appeal and were not, such as questions about jury verdict forms, are barred by the doctrine of *res judicata*).

{¶13} The remainder of Appellant's second assignment of error is a rewording of the first assignment and is overruled on the same grounds as earlier discussed.

{¶14} In conclusion, Appellant's challenge to the validity and finality of the 2006 sentencing entry is not persuasive because the judgment entry conforms to Crim.R. 32(C), and to the *Baker* and *Lester* cases which have interpreted Crim.R. 32(C). Appellant's other arguments are barred under the doctrine of *res judicata*. The judgment of the trial court denying Appellant's motion to vacate is affirmed.

Donofrio, J., concurs.

Vukovich, J., concurs.

APPROVED:

_____
CHERYL L. WAITE, JUDGE