[Cite as *State v. Crum*, 2013-Ohio-903.]

COURT OF APPEALS
DELAWARE COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | Hon. Patricia A. Delaney, P.J. |
| Plaintiff-Appellee | : | Hon. William B. Hoffman, J. |
| | : | Hon. Sheila G. Farmer, J. |
| -vs- | : | |
| | : | |
| RICKY CRUM | : | Case No. 12 CAA 08 0056 |
| | : | |
| Defendant-Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING:      Appeal from the Court of Common
                             Pleas, Case No. 12CR-I-01-0029


JUDGMENT:                    Affirmed/Reversed in Part &
                             Remanded


DATE OF JUDGMENT:            March 11, 2013


APPEARANCES:

For Plaintiff-Appellee                 For Defendant-Appellant

ERIC C. PENKAL                         JOHN R. CORNELY
140 North Sandusky Street              21 Middle Street
3rd Floor                              P.O. Box 248
Delaware, OH  43015                    Galena, OH  43021

*Farmer, J.*

{¶1}    On January 27, 2012, the Delaware County Grand Jury indicted appellant, Ricky Crum, on two counts of theft in violation of R.C. 2913.02 and one count of misuse of credit cards in violation of R.C. 2913.21.  Said charges arose from appellant's use of the company credit card at his place of employment, Thorson's Greenhouse.

{¶2}    On April 30, 2012, appellant pled guilty to one of the theft counts, and the remaining counts were dismissed.  By judgment entry filed July 18, 2012, the trial court sentenced appellant to three years of community control sanctions, and ordered him to pay restitution to Douglas Thorson in the amount of $1,597.42.

{¶3}    Appellant filed an appeal and this matter is now before this court for consideration.  Assignment of error is as follows:

I

{¶4}    "THE TRIAL COURT ABUSED ITS DISCRETION IN ORDERING APPELLANT TO PAY RESTITUTION IN THE AMOUNT OF $1,567.51."

I

{¶5}    Appellant claims the trial court erred in awarding $1,567.51 in restitution as the amount was not supported by the evidence and it was unclear from the record whether the victim was reimbursed by a third-party for the credit card losses.  We agree in part.

{¶6}    R.C. 2929.18 governs financial sanctions.  Subsection (A)(1) states the following:

(A) Except as otherwise provided in this division and in addition to imposing court costs pursuant to section 2947.23 of the Revised Code, the court imposing a sentence upon an offender for a felony may sentence the offender to any financial sanction or combination of financial sanctions authorized under this section or, in the circumstances specified in section 2929.32 of the Revised Code, may impose upon the offender a fine in accordance with that section.  Financial sanctions that may be imposed pursuant to this section include, but are not limited to, the following:

(1) Restitution by the offender to the victim of the offender's crime or any survivor of the victim, in an amount based on the victim's economic loss.  If the court imposes restitution, the court shall order that the restitution be made to the victim in open court, to the adult probation department that serves the county on behalf of the victim, to the clerk of courts, or to another agency designated by the court.  If the court imposes restitution, at sentencing, the court shall determine the amount of restitution to be made by the offender.  If the court imposes restitution, the court may base the amount of restitution it orders on an amount recommended by the victim, the offender, a presentence investigation report, estimates or receipts indicating the cost of repairing or replacing property, and other information, provided that the amount the court orders as restitution shall not exceed the amount of the economic loss suffered by the victim as a direct and proximate result of the commission of the offense.  If the court decides to impose restitution, the court shall hold a

hearing on restitution if the offender, victim, or survivor disputes the amount. All restitution payments shall be credited against any recovery of economic loss in a civil action brought by the victim or any survivor of the victim against the offender.

{¶7} Economic loss is defined in R.C. 2929.01(L) as follows:

"Economic loss" means any economic detriment suffered by a victim as a direct and proximate result of the commission of an offense and includes any loss of income due to lost time at work because of any injury caused to the victim, and any property loss, medical cost, or funeral expense incurred as a result of the commission of the offense. "Economic loss" does not include non-economic loss or any punitive or exemplary damages.

{¶8} The amount of restitution "must be supported by competent, credible evidence in the record from which the court can discern the amount of the restitution to a reasonable degree of certainty." *State v. Aliane,* 10th Dist. No. 03AP-840, 2004-Ohio-3730, ¶14. Restitution orders are reviewed under an abuse of discretion standard. *State v. Williams,* 34 Ohio App.3d 33 (2nd Dist. 1986). In order to find an abuse of discretion, we must determine the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. *Blakemore v. Blakemore,* 5 Ohio St.3d 217 (1983).

{¶9}   Appellant testified he believed he used the company credit card for unauthorized purchases amounting to $688.00.  T. at 26.  The state, via the testimony of Bret Thompson, delivery manager for Thorson's Greenhouse, provided a printout (State's Exhibit 1) of the unauthorized charges.

{¶10}  The weight to be given to the evidence and the credibility of the witnesses are issues for the trier of fact.  *State v. Jamison,* 49 Ohio St.3d 182 (1990).  The trier of fact "has the best opportunity to view the demeanor, attitude, and credibility of each witness, something that does not translate well on the written page."  *Davis v. Flickinger,* 77 Ohio St.3d 415, 418, 1997-Ohio-260.

{¶11} We find there was sufficient credible offered by the victim and substantiated by the state to support the trial court's decision on the amount of restitution.

{¶12}  Appellant further argues it was unclear from the record whether the victim was reimbursed by a third-party for the credit card losses.  As stated above, restitution is limited to a victim's economic loss.  If a victim is reimbursed by a third-party, the victim has not suffered an economic loss.  Third-parties are "not statutorily entitled to recover the costs of its decision to reimburse" the victim.  *State v. Kiser,* 2nd Dist. No. 24419, 2011-Ohio-5551, ¶16; *State v. Kelly,* 4th Dist. Nos. 10CA28 and 10CA29, 2011-Ohio-4902, ¶7.

{¶13}  The evidence presented at the restitution hearing is inconclusive at best. Mr. Thompson testified to the following on cross-examination at 15:

Q. Are you aware, was any of this money refunded by Wright Express to your company, because it was a stolen credit card?

A. Not to my knowledge.

Q. You don't know?

A. I don't know.

{¶14} We find the trial court should have determined the issue of third-party reimbursement.

{¶15} The sole assignment of error is granted in part and denied in part, and remanded to the trial court to determine if the victim has been reimbursed by a third-party.

{¶16} The judgment of the Court of Common Pleas of Delaware County, Ohio is hereby affirmed in part and reversed in part.

By Farmer, J.

Delaney, P.J. and

Hoffman, J. concur.

s/ Sheila G. Farmer_____

s/ Patricia A. Delaney_____

s/ William B. Hoffman_____

JUDGES

SGF/sg 207

[Cite as *State v. Crum*, 2013-Ohio-903.]

IN THE COURT OF APPEALS FOR DELAWARE COUNTY, OHIO

FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | |
| | : | |
| -vs- | : | JUDGMENT ENTRY |
| | : | |
| RICKY CRUM | : | |
| | : | |
| Defendant-Appellant | : | CASE NO. 12 CAA 08 0056 |

For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Delaware County, Ohio is affirmed in part and reversed in part, and the matter is remanded to said court for determination on the issue of third-party reimbursement.  Costs to be divided equally between appellant and appellee.

s/ Sheila G. Farmer_____

s/ Patricia A. Delaney_____

s/ William B. Hoffman_____

JUDGES