[Cite as *State v. Stump*, 2014-Ohio-1487.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
ATHENS COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Plaintiff-Appellee, | : | Case No. 13CA10 |
| vs. | : | |
| DUSTI STUMP, | : | DECISION AND JUDGMENT ENTRY |
| Defendant-Appellant. | : | |

_____

APPEARANCES:

COUNSEL FOR APPELLANT:     Timothy Young, Ohio Public Defender, and Melissa M.
Prendergast, Ohio Assistant Public Defender, 250 East
Broad Street, Ste. 1400, Columbus, Ohio 43215[1]

COUNSEL FOR APPELLEE:     Keller J. Blackburn, Athens County Prosecuting Attorney,
and Merry M. Saunders, Athens County Assistant
Prosecuting Attorney, Athens County Courthouse, 1 South
Court Street, 1st Floor, Athens Ohio 45701

CRIMINAL APPEAL FROM COMMON PLEAS COURT
DATE JOURNALIZED: 3-31-14
ABELE, P.J.

{¶ 1}   This is an appeal from an Athens County Common Pleas Court judgment of

conviction and sentence.   Dusti Stump, defendant below and appellant herein, pled guilty to theft

in violation of R.C. 2913.02(A)(1).   Appellant assigns the following errors for review:

---

[1] Several different counsel represented appellant during the trial court proceedings.

FIRST ASSIGNMENT OF ERROR:

"THE TRIAL COURT ERRED WHEN IT ORDERED MS. STUMP TO PAY RESTITUTION TO THE VICTIM'S BANK."

SECOND ASSIGNMENT OF ERROR:

"THE TRIAL COURT COMMITTED PLAIN ERROR WHEN IT IMPOSED $2,000 IN RESTITUTION, $515 IN DIVERSION FEES, AND $371 IN COURT COSTS WITHOUT CONSIDERING WHETHER MS. STUMP HAD THE PRESENT AND FUTURE ABILITY TO PAY THESE FINANCIAL SANCTIONS."

{¶ 2} In 2010, Community Bank inadvertently sent another customer's banking information to appellant. Appellant used that information to make an online funds transfer from the customer's account to her own, then withdrew those funds from ATM machines.

{¶ 3} The Athens County Grand Jury returned an indictment that charged appellant with theft. Appellant initially pled not guilty, but later agreed to plead guilty in exchange for participation in a diversion program. At the November 21, 2011 hearing, the trial court reviewed the agreement, ascertained that appellant understood her rights and accepted her guilty plea. Appellant's guilty plea was held in abeyance pending her completion of the diversion program.

{¶ 4} In order to be accepted into the diversion program, appellant executed a form entitled "Intensive Diversion Program Agreement and Conditions." ("Program Agreement.") Appellant promised to, inter alia, (1) pay $2,000 in restitution to Community Bank, and (2) pay court costs and diversion program fees.

{¶ 5} Apparently, appellant failed to complete the diversion program requirements. At the October 25, 2012 hearing, the trial court formally terminated her participation in the program and found her guilty of the theft charge. At the February 7, 2013 sentencing hearing, the trial court sentenced appellant to serve four years community control and to pay the agreed restitution to

Community Bank, as well as to satisfy the other financial obligations that she accepted under the Program Agreement. The trial court entered judgment on February 27, 2013 and specified that appellant's financial obligations (beyond restitution) as $515 for diversion program fees and court costs. This appeal followed.

{¶ 6} We jointly consider appellant's two assignments of errors because they both challenge the financial obligations that the trial court imposed as part of her sentence. Those obligations, we initially point out, came directly from the Program Agreement that appellant freely executed as part of the negotiated plea agreement. To that end, we note a "sentence imposed upon a defendant is not subject to review . . . if the sentence is <u>authorized by law</u>, has been recommended jointly by the defendant and the prosecution in the case, and is imposed by a sentencing judge." (Emphasis added.) R.C. 2953.08(D). Thus, the pivotal question is whether the financial sanctions included in the plea agreement and the court's sentence are "authorized by law."

{¶ 7} Appellant concedes that diversion fees and court costs are "statutorily allowed" to be assessed against her. This is part of the negotiated plea agreement and, pursuant to R.C. 2953.08(D), cannot be challenged on appeal. Nevertheless, appellant argues that the trial court erred by not considering whether she had the ability to pay those costs pursuant to R.C. 2929.19(B)(5).[2] We disagree.

{¶ 8} First, for purposes of the statute court costs and diversion fees are not fines. They also are not sanctions, as R.C. 2929.18 defines that term. The provision to assess court costs is

---

[2] R.C. 2929.19(B)(5) provides that "[b]efore imposing a financial sanction under section 2929.18 of the Revised Code or a fine under section 2929.32 of the Revised Code, the court shall consider the offender's present and future ability to pay the amount of the sanction or fine."

R.C. 2947.23(A)(1)(a), which is not mentioned in R.C. 2929.19(B)(5). Also, nothing in this statute requires a court to consider whether a defendant can pay a diversion program's administrative costs.

{¶ 9} Second, and more important, we again emphasize that appellant agreed to pay these costs under the Program Agreement. This promise assured the trial court that she could meet her obligations and waived any hearing requirement. Here, the trial court did not impose, or levy by its authority, these costs. Rather, it simply applied the terms of the Program Agreement that formed part of the plea agreement between the appellant and the State. In short, we find no violation of R.C. 2929.19 (B)(5), nor do we find any authority for appellant to challenge this portion of her negotiated plea.

{¶ 10} The trial court's order of restitution, however, is a different matter. As noted above, sentences imposed as part of a plea agreement cannot be challenged on appeal if those sentences are "authorized by law." R.C. 2953.08(D). Ohio law specifies that criminal defendants can be ordered to pay restitution to the victim of the crime. See R.C. 2929.18(A)(1).

{¶ 11} Generally, a decision to award restitution lies in a trial court's sound discretion and its decision will not be reversed on appeal absent an abuse of discretion. See *State v. Dennis*, 4th Dist. Highland No. No. 13CA6. 2013-Ohio-5633, at ¶7; *State v. Jennings*, 8th Dist. Cuyahoga No. No. 99631, 2013-Ohio-5428, at ¶40. However, the question of who (or what) constitutes a crime "victim" for purposes of the statute is a question of law that we review de novo. *State v. Hunter*, 2nd Dist. Montgomery No. 25521, 2013-Ohio-3759, at ¶7; *State v. Kizer*, 2nd Dist. Montgomery No. No. 24419, 2011-Ohio-5551, at ¶14.

{¶ 12} In the case sub judice, the victim is not Community Bank. Rather, the victim is the

individual from whose account appellant transferred money into her own account.   Community

Bank is a third-party that reimbursed its customer the money stolen from his account.   Ohio courts

have consistently held that under the current version of R.C. 2929.18(A)(1), third-parties are not

"victims" for whom restitution can be ordered.   *State v. Dull*, at 3rd Dist. Seneca No. 13–12–33,

2013-Ohio-1395, ¶11; *State v. Crum*, 5th Dist. Delaware No. 12CAA080056, 2013-Ohio-903, at

¶12; *State v. Kelley*, 4th Dist. Pickaway Nos. 10CA28 & 10CA29, 2011-Ohio-4902, at ¶7.   A bank

that reimburses a customer who has been a victim of a crime is a third-party.   As such, the bank

cannot be awarded restitution from a defendant who stole from that bank's customer. See *Crum*,

supra at ¶12; *Kizer*, supra at ¶17.[3]

---

[3]Although we certainly question the logic of this statutory scheme, courts are obligated to follow the terms and directives of validly enacted statutes.    In the case sub judice, after the bank became aware of the problem, it deposited money into its customer's account and reasonably should be entitled to recover from the appellant the misappropriated money, especially here in view of the appellant's agreement to make restitution to the bank.    Unfortunately, the Ohio General Assembly, not the courts, must consider and address any changes to a statute.    Apparently the legislature believes that the financial institution can pursue a remedy in a civil action.

{¶ 13} The State asserts that appellant entered into a contract to pay restitution to Community Bank as part of her participation in the diversion program and that she should not be permitted to escape the terms of the contract now, after she failed to complete the program. We agree, as an abstract proposition of law, that plea agreements are contracts and are generally subject to contract law principles insofar as their enforcement. See *State v. Bethel*, 110 Ohio St.3d 416, 2006- Ohio-4853, 2006-Ohio-4853, at ¶50. However, under R.C. 2953.08(D) the Ohio General Assembly made the sentences arising from those agreements challengeable if the sentence is not authorized by law. Unfortunately, the Ohio Revised Code simply does not permit a court to order a defendant to pay restitution to third parties who are not actual victims of the crime.[4]

{¶ 14} Moreover, to the extent the State argues that appellant's trial counsel failed to object at the sentencing hearing, to the order of restitution to Community Bank, that issue has not been waived for purposes of appeal. We have previously recognized that a restitution award to a third party constitutes plain error. See e.g. *State v. Moss*, 186 Ohio App.3d 787, 2010-Ohio-1135, 930 N.E.2d 838, at ¶10 (4th Dist.); *State v. Haney*, 180 Ohio App.3d 554, 2009-Ohio-149, 906 N.E.2d 472, at ¶30 (4th Dist.).

{¶ 15} Finally, sentences not authorized by statute are void and subject to being vacated. *State v. Rohda*, 135 Ohio App.3d 21, 25, 732 N.E.2d 1018 (3d Dist.1999); *State v. Hooks* (2000), 135 Ohio App.3d 746, 735 N.E.2d 523 (10th Dist.2000); also see *State v. Lee*, 1st Dist. Hamilton No. C–120307, 2013-Ohio-1811, at ¶26. This rule cannot be circumvented. A sentence not authorized by statute, such as the sentence in this case that orders restitution to a third-party, cannot

---

[4] We emphasize that our ruling only goes to the propriety of imposing third-party restitution as part of an actual sentence. We need not, and do not, reach the question of whether a term of that sort can be included in a Program Agreement (contract) to enter a diversion program, as appellant originally did in the case sub judice.

be imposed because it is included in a plea agreement, or because defense counsel failed to object at the sentencing hearing.

{¶ 16}  For these reasons (1) we hereby sustain appellant's first assignment of error; and (2) we disregard as moot, pursuant to App.R. 12(A)(1)(c), appellant's second assignment of error to the extent it addresses the restitution order; and (3) we hereby overrule the remainder of appellant's second assignment of error.

{¶ 17}  Accordingly, the February 27, 2013 sentencing judgment is hereby modified to vacate the order that appellant pay $2,000 in restitution to Community Bank.   The remainder of that judgment is affirmed as modified.

JUDGMENT REVERSED IN PART,
AND AFFIRMED IN PART, AS
MODIFIED, CONSISTENT WITH
THIS OPINION.

Harsha, J., dissenting:

{¶ 18} I conclude Stump's first assignment of error lacks merit because the restitution order to Community Bank was "authorized by law", i.e. it was not subject to a mandatory prohibition in R.C. 2929.18(A)(1) or elsewhere.   See, *State v. Burns*, 6th Dist. Lucas App. Nos. L-11-1192 & L-11-1198, 2012-Ohio-4191.   In reaching my conclusion I also rely upon the syllabus 2 of *State v. Underwood*, 124 Ohio St.3d 365, 2010-Ohio-1, and the admonishment in paragraph twenty-one that "authorized by law" is not simply the inverse of "contrary to law." When a court incorrectly applies its discretionary authority, it has not violated a mandatory provision; thus the error does not take it outside of the "authorized by law" framework.   See, *Underwood* at ¶¶ 26-27 and *Burns* at ¶¶ 19-21.

[Cite as *State v. Stump*, 2014-Ohio-1487.]

JUDGMENT ENTRY

It is ordered that the judgment be reversed in part and affirmed in part, as modified, consistent with this opinion.   Appellant shall recover of appellee the costs herein taxed.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Athens County Common Pleas Court to carry this judgment into execution.

If a stay of execution of sentence and release upon bail has been previously granted, it is continued for a period of sixty days upon the bail previously posted.   The purpose of said stay is to allow appellant to file with the Ohio Supreme Court an application for a stay during the pendency of the proceedings in that court.   The stay as herein continued will terminate at the expiration of the sixty day period.

The stay will also terminate if appellant fails to file a notice of appeal with the Ohio Supreme Court in the forty-five day period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Ohio Supreme Court.   Additionally, if the Ohio Supreme Court dismisses the appeal prior to the expiration of said sixty days, the stay will terminate as of the date of such dismissal.

A certified copy of this entry shall constitute that mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

McFarland, J.: Concurs in Judgment & Opinion
Harsha, J.: Dissents with Dissenting Opinion

For the Court

BY:_____

Peter B. Abele
Presiding Judge

**NOTICE TO COUNSEL**

Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.