[Cite as *State v. Powell*, 2014-Ohio-4834.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
LAWRENCE COUNTY

STATE OF OHIO, :

    Plaintiff-Appellee, : Case No. 14CA5

    vs.
 :

TIMOTHY POWELL, DECISION AND JUDGMENT ENTRY

 :

    Defendant-Appellant.

 :

_____

APPEARANCES:

COUNSEL FOR APPELLANT:    Michael A. Davenport, Lambert Law Office, 215 South
Fourth Street, Ironton, Ohio 45638[1]

_____
CRIMINAL APPEAL FROM COMMON PLEAS COURT
DATE JOURNALIZED: 10-23-14
ABELE, P.J.

{ ¶1} This is an appeal from a Lawrence County Common Pleas Court judgment of

conviction and sentence. Timothy Powell, defendant below and appellant herein, pled guilty to

improperly discharging a firearm at an occupied habitation in violation of R.C. 2923.161(A)(1).

Appellant's counsel advised us that he has reviewed the record and can discern no meritorious

issue to pursue on appeal. Thus, pursuant to Anders v. California (1967), 386 U.S. 738, 87 S.Ct.

1396, 18 L.Ed.2d 493, counsel requests, and we hereby grant, leave to withdraw.

{ ¶1} Although the brief assigns no error per se, counsel states that appellant has made

---

[1] Neither the State, nor appellant pro se, entered an appearance

the following claim:

> "HE DID NOT HEAR OR UNDERSTAND THE WAIVER OF RIGHTS
> AND THE COURT'S QUESTIONS AND EXPLANATIONS AT THE
> SENTENCING HEARING."

{ ¶2} Our review of the record indicates that, on May 23, 2013, appellant "tried to burn his own house down and then shot at a neighbor's house." The Lawrence County Grand Jury returned a four count indictment that charged him with the aforementioned offense, as well as menacing, aggravated menacing and criminal trespass. Appellant initially pled not guilty to all offenses.

{ ¶3} The parties eventually agreed that appellant would plead guilty to the improper discharge of a firearm and the state would dismiss the remaining counts. The matter came on for hearing December 11, 2013, at which time the trial court attempted to ascertain if appellant was aware of the rights he would waive by pleading guilty. Convinced that appellant understood his rights, the trial court (1) accepted his plea, (2) found him guilty of the fourth count of the indictment, and (3) dismissed the remaining counts of the indictment. The trial court sentenced appellant to serve a four year term of incarceration. This appeal followed.

{ ¶4} As was the case with appellate counsel, our review of the record reveals no meritorious issues for appeal. Insofar as appellant's claims that he neither heard nor understood his waiver of rights, we find no merit to this claim.

{ ¶5} In a May 12, 2014 magistrate's order, we notified appellant that he could "file his own brief within 40 days" to assert any argument that he wanted. He did not do so. To the extent that his very able appellate counsel has advanced this claim on his behalf, we nevertheless

in this appeal.

find no merit.

{ ¶6}   Contemporaneous with his plea, appellant executed a four page "Proceeding on Plea of Guilty" form wherein he was asked if he understood the various rights he would wave upon entering a guilty plea.   Appellant answered in the affirmative.

{ ¶7}   The December 11, 2013 plea hearing transcript reveals that the trial court explained this form with appellant and asked if he "underst[ood]" the rights he was giving up. Appellant responded "Yes Sir" to each question.   He was also asked if the plea was of his "own free will and accord."   Again, he answered "Yes sir."

{ ¶8}   The fact that appellant responded to the trial court's questions belies any argument that he did not hear them.   We also point out that nothing in this exchange indicates that appellant did not understand the questions.   If he did not understand or was confused, appellant should have made this known either to the trial court or to his counsel.   We find nothing in the record to indicate that this occurred.   Absent some indication that appellant did not understand the trial court proceedings, his conviction will not be reversed.   See, generally, *State v. State v. Dawkins*, 2nd Dist. Montgomery No. 21127, 2006-Ohio-307, at ¶¶5&36; *State v. Brahler*, 8th Dist. Cuyahoga No. 76941, 2000 WL 1513738 (Oct. 12, 2000).

{ ¶9}   Insofar as a claim that appellant did not understand any of the questions and explanations at the sentencing, we note that the December 31, 2013 sentencing hearing transcript does not show that any question was asked of him.   The three and one-half (3½) page colloquy occurred between the trial court and counsel.   Moreover, a sentence imposed as part of a negotiated plea is not generally subject to appeal.   See R.C. 2953.08(D); *State v. Stump*, 4th Dist. Athens No. 13CA10, 2014-Ohio-1487, at ¶6.

{ ¶10} Here, the sentencing hearing transcript reveals that the prosecutor stated that the negotiated plea involved the recommendation of "four years imprisonment in the appropriate penal institution."   Defense counsel acknowledged agreement with that statement.   We also note appellant's conviction of a second degree felony had a prison sentence range from two to eight years.   R.C. 2923.161() and R.C. 2929.14(A)(2).   Appellant agreed to the state's recommended prison sentence as part of the negotiated plea, he has not sought to withdraw that plea, and he cannot not challenge it now on appeal.

{ ¶11} Having reviewed the record for potential errors, as well as appellate counsel's suggested potential error, and having found no meritorious arguments on appeal, we hereby affirm the trial court's judgment.

JUDGMENT AFFIRMED.

<u>JUDGMENT ENTRY</u>

It is ordered the judgment be affirmed and appellant to recover of appellee the costs herein taxed.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Lawrence County Common Pleas Court to carry this judgment into execution.

If a stay of execution of sentence and release upon bail has been previously granted, it is continued for a period of sixty days upon the bail previously posted.   The purpose of said stay is to allow appellant to file with the Ohio Supreme Court an application for a stay during the pendency of the proceedings in that court.   The stay as herein continued will terminate at the expiration of the sixty day period.

The stay will also terminate if appellant fails to file a notice of appeal with the Ohio Supreme Court in the forty-five day period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Ohio Supreme Court.   Additionally, if the Ohio Supreme Court dismisses the appeal prior to the expiration of said sixty days, the stay will terminate as of the date of such dismissal.

A certified copy of this entry shall constitute that mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

McFarland, J. & Hoover, J.: Concur in Judgment & Opinion

For the Court

BY:_____

Peter B. Abele
Presiding Judge

## NOTICE TO COUNSEL

Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.
.